# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LLOYD ALLAN JONES,** : <br>     Appellant, : <br>     vs. : <br> **U.S. BANK, N.A.,** as Trustee for Residential Asset : <br> Securities Corporation, Home Equity Mortgage : <br> Asset-Backed, Pass-through Certificates, Series : <br> 2006-EMX9, and : <br> **AMERICA'S SERVICING COMPANY**, : <br>     Appellees. : | **No. 3:CV-18-01680** |

## MOTION FOR STAY OF ORDER PENDING APPEAL

AND NOW COMES Appellant **LLOYD ALLAN JONES,** by and through his Attorneys, NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI, P.C., with Motion for Stay of Order Pending Appeal, and in support thereof avers:

1. On March 22, 2018, this United States Bankruptcy Court for the Middle District of Pennsylvania ("the Bankruptcy Court") entered an Order Granting Summary Judgment to Appellees ("the March 22, 2018 Order"), which is the subject of the instant Appeal. A true and correct copy of the March 22, 2018 Order is filed with this Motion and incorporated herein by reference as if set out at length.

2. On April 5, 2018, Appellant filed a Motion to Extend Time to Appeal the March 22, 2018 Order, which was Granted on April 23, 2018.

3. On April 19, 2018, Appellant filed a Notice of Appeal and a Request for Certification of Direct Appeal with regard to the March 22, 2018 Order.

4. On May 7, 2018, Appellant filed a Motion for Stay of Order Pending Appeal with the Bankruptcy Court.

5. On May 9, 2018, an Interim Order was entered staying the Order pending Appeal and the Bankruptcy entered a Certification of Direct Appeal from the March 22, 2018 Order.

6. On June 5, 2018, that Bankruptcy Court Denied the Motion for Stay Pending Appeal. A true and correct copy of that June 5, 2018 Order is filed with this Motion and incorporated herein by reference as if set out at length.

7. On June 8, 2018, Appellant filed a Petition for Permission to Appeal in the United States Court of Appeals for the Third Circuit ("Third Circuit.")

8. On June 28, 2018, Appellant filed a Motion for Stay of Order Pending Appeal in the Third Circuit.

9. On August 22, 2018, the Third Circuit Denied the Petition for Permission to Appeal and the Motion for Stay of Order Pending Appeal. A true and correct copy of that August 22, 2018 Order is filed with this Motion and incorporated herein by reference as if set out at length.

10.     Appellant has made payment of $59,220 to the Chapter 13 Trustee in the underlying bankruptcy case, of which $55,502 remains, which provides a source of compensation potentially available for administrative fees and available, upon Court Order, to provide adequate protection to Appellees. The Trustee provides records of receipts and disbursements at www.trustee13.com.

11.     The Trustee can be Ordered by this Court to release funds to Defendants.

12.     The Second Amended Chapter 13 Plan has provides for distributions to Defendants.

13.     The March 22, 2018 Order requires Debtor to file an Amended Chapter 13 Plan. See Docket Entry No. 2-1 at page 3.

14.     So long as there is a Stay of the March 22, 2018 Order pending Appeal, Appellant will be required to continue to pay the Trustee $2,900 per month pursuant to his Second Amended Chapter 13 Plan, or suffer Dismissal of the underlying bankruptcy case. A true and correct copy of the Second Amended Chapter 13 Plan is filed with this Motion as an Exhibit and incorporated herein by reference as if set out at length.  See Docket Entry No. 2-1 at pages 1-10.

15.     Plaintiff will suffer irreparable harm in the nature of the loss of his residence if this Court does not enter an Order Granting a Stay of the March 22, 2018 Order Pending Appeal, as either:

     a.    Plaintiff will file an Amended Chapter 13 Plan that requires payments beyond Plaintiff's means, such as payment of direct mortgage payments of $2,913.75, and payment to the Chapter 13 Trustee to allow the Trustee to distribute $ 227,797.53 to Appellants; or

     b.    Plaintiff will file an Amended Chapter 13 Plan that surrenders his residence; or

     c.    Plaintiff will file an Amended Chapter 13 Plan in contempt of the March 22, 2018 Order.

16.    Any of the Amended Chapter 13 Plans that Plaintiff might file would effectively moot this pending appeal, as the Second Amended Chapter 13 Plan is at the crux of the controversy.

17.    Any damage to Defendants that might arise from a Stay of the March 22, 2018 Order Pending Appeal are mere monetary losses from the delay of a potential Sheriff's Sale of the underlying improved real property, that could be more than sufficiently compensated by funds paid by, or to be paid by, Appellant to the Chapter 13 Trustee.

18.    A Stay of the March 22, 2018 Order pending Appeal could effectively hold Defendants harmless, while preventing irreparable harm to Plaintiff.

19. A Stay of the March 22, 2018 Order pending Appeal is the only method of preserving Debtor's right to appeal without an appeal from an Order Dismissing the underlying Chapter 13 Bankruptcy Case.

20. Based on the ability to effectively compensate Appellees for the delay should the appeal fail, and preserve the benefit of a successful appeal, should Appellant prevail on appeal, the Court should provide greater weight to the balancing of harms, and less weight to Plaintiff's chance of success on appeal.

21. The actual language of the Supreme Court in *Nobelman v. Am. Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), supports Debtor's appeal, despite the syllabus and lower court opinions support for the March 22, 2018 Order.

22. An analysis of the definitions of the critical words "modification," as opposed to "satisfaction" and "elimination," reveals that Appellant seeks the latter result with regard to the underlying mortgage, which, by definition, precludes the result from appropriately being referred to as "modification." Such an analysis is in accord with the analysis of the Supreme Court in *Nobelman*.

23.     The language of the *Nobelman* opinion also supports Appellant's attempt distinguish the difference between 11 U.S.C. § 1322(b)(2), which references the "rights of holders of secured claims", and 11 U.S.C. § 1325(a)(5) which applies to the secured claim itself.[1]

24.     This Court need not attempt to overrule *Nobelman,* as the Supreme Court did not indicate that Congress "'turned off' Section 506 with 1322(b)(2). Appellant merely seeks to have the limits of the *Nobelman* decision recognized.[2]

25.     Analysis of the bankruptcy code and the entirety of the *Nobelman* opinion, and not just the summary, syllabus and head notes, with the guidance the Supreme Court provided in *Schwab v. Reilly*, Appellant's chances of success on appeal are sufficient to allow this Court to Grant this Motion. See *Schwab v. Reilly,* 560 U.S. 770, 790, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010).

26.     Appellant is out of the jurisdiction as of the date of this Motion, and requests leave to supplement this Motion with an Affidavit at a later date.

---

[1] The Supreme Court distinguished the same language in comparing 11 U.S.C. § 506(a) to 11 U.S.C. § 1322(b)(2). *Nobelman,* 508 U.S. at 328-331.

[2] See, e.g, *Schwab v. Reilly,* 560 U.S. 770, 790, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010).

WHEREFORE, Appellant **LLOYD ALLAN JONES** prays this Honorable Court for an Order that the March 22, 2018 Order be Stayed pending Appeal, and for such other and further relief as the Honorable Court deems just and appropriate.

    Respectfully submitted,

    NEWMAN, WILLIAMS, MISHKIN,
    CORVELEYN, WOLFE & FARERI, PC.

By: /s/ J. Zac Christman
    J. ZAC CHRISTMAN, ESQUIRE
    Attorneys for Appellant
    P.O. Box 511, 712 Monroe Street
    Stroudsburg, PA 18360
    (570) 421-9090, fax (570) 424-9739
    jchristman@newmanwilliams.com