IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LLOYD ALLAN JONES, | : | |
| | : | |
| Appellant | : | No. 3:CV-18-01680 |
| | : | |
| vs. | : | |
| | : | |
| U.S. BANK, NATIONAL ASSOCIATION, | : | |
| AS TRUSTEE FOR RESIDENTIAL ASSET | : | |
| SECURITIES CORPORATION, HOME | : | |
| EQUITY MORTGAGE ASSET-BACKED, | : | |
| PASS-THROUGH CERTIFICATES, | : | |
| SERIES 2006-EMX9, and AMERICA'S | : | |
| SERVICING COMPANY, | : | |
| | : | |
| Appellees | : | |
| | : | |

**ANSWER OF APPELLEES IN OPPOSITION TO APPELLANT'S
MOTION FOR STAY OF ORDER PENDING APPEAL**

Appellees U.S. Bank, National Association, as Trustee for Residential Asset

Securities Corporation, Home Equity Mortgage Asset-Backed, Pass-Through Certificates, Series

2006-EMX9 ("**U.S. Bank**") and Wells Fargo Bank, N.A., d/b/a America's Servicing Company

(collectively "**ASC**," and together with U.S. Bank, the "**Defendants**"), submit this answer in

opposition to the Motion of Appellant for Stay of Order Pending Appeal, and avers as follows:

1.    Admitted.  However, the order appeal from is an interlocutory order of

the Bankruptcy Court and the Appellant has not filed a motion for permission to appeal as

required by 28 U.S.C. § 158(a)(3) and Fed. R. Bank. P. 8004(a)(2).  *See Bullard v. Blue Hills

Bank*, 135 S. Ct. 1686, 191 L.Ed.2d 621 (2015) (an order denying confirmation of a Chapter 13

plan with leave for the debtor to file an amended plan is a not final order that can be immediately

appealed under 28 U.S.C. §158(a)(1)).  Therefore, this appeal should be quashed.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted, however the June 5, 2018 Order itself does not include the reasons that the Bankruptcy Court denied the motion for stay. Thus, in violation Fed. Bank. R. 8007(b)(2)(B), the Appellant/Debtor has failed to include in his Motion the required statement as to the reasons given by the Bankruptcy Court for refusing to grant the Debtor's motion for stay filed with the Bankruptcy Court. As the Appellant knows, the Bankruptcy Court denied that motion because it found that the Debtor had failed to establish any of the factors that need to be established to show entitlement to a stay pending appeal. The Motion for Stay filed with this Court is equally deficient.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Denied. Appellees have no idea whether this claim is true. In violation of Fed. R. Bank. P. 8007(b)(3)(B), there is no affidavit attached to the Motion for Stay to support this disputed fact which does not appear in the record below.

11.    Denied. Appellees are not aware of any statute or rule of law that grants this Court such power over a Chapter 13 Bankruptcy Trustee.

12.    Admitted, however, confirmation of the Second Amended Plan was effectively denied by the Bankruptcy Court's March 22, 2018 that denied confirmation of the

2

proposed First Amended Plan,[1] and the Debtor was directed by that Order to file by April 21,

2018 a new Chapter 13 plan that did not propose to modify U.S. Bank's rights in violation of

Section 1322(b)(2) of the Bankruptcy Code and that otherwise complied with Sections 1322 and

1325 of the Bankruptcy Code.  The Debtor has not complied with that directive.

      13.  Admitted, and the deadline for the filing of that further amended plan was

April 21, 2018.  The Debtor did not file the further amended plan required by the March 22,

2018 Order by that deadline.

      14.  Denied.  The Second Amended Plan proposes continued payments to U.S.

Bank that are not permitted by the Bankruptcy Code, and to the extent the Debtor is in fact

paying the Chapter 13 Trustee $2,900 per month, that amount is not sufficient to adequately

protect U.S. Bank's rights under its mortgage which are protected from modification by Section

1322(b)(2) of the Bankruptcy Code.

      15.  Denied.  The Debtor fails to include sufficient facts accompanied by the

required affidavit to establish that the Debtor would lose his home if the March 22, 2018 Order is

not stayed.

      16.  Denied.

      17.  Denied.  Absent confirmation of a plan in the underlying bankruptcy case,

any funds that may have been paid to the Chapter 13 trustee will not be available to compensate

the Appellees for the prejudicial two year delay that they have suffered since the underlying

---

[1]    The initial subject of the adversary proceeding below was the Debtor's proposed First Amended Chapter 13 Plan that proposed to modify U.S. Bank's mortgage rights in violation of Section 1322(b)(2) of the Bankruptcy Code.  The Second Amended Plan was filed prior to the entry of the March 22, 2018 Order solely to increase the amount of the value of the Property to the mutually agreed amount of $136,000.  In all other respects, the Second Amended Chapter 13 Plan was identical to the First Amended Plan and likewise proposed to modify U.S. Bank's rights in violation of Section 1322(b)(2).

SL1 1539582v1 104945.00807

bankruptcy case was first filed in May of 2016. The Appellees have received no adequate protection payments from the Debtor during that entire time period.

18. Denied.

19. Denied.

20. Denied. The Debtor has not and cannot provide adequate protection to U.S. Bank with respect to its rights under the Mortgage that are protected from modification by Section 1322(b)(2) of the Bankruptcy Code.

21. Denied. The decision in Nobleman demonstrates that the Debtor's appeal is frivolous and has no chance of success on the merits. See Exhibit "A" attached hereto.

22. Denied. These arguments are frivolous. See Exhibit "A" attached hereto.

23. Denied. The U.S. Supreme Court's 20 year old decision in Nobleman demonstrates that the Debtor's appeal is frivolous and has no chance of success on the merits.

24. Denied. The Debtor is in fact requesting this Court to overrule Nobleman (which obviously this Court cannot do).

25. Denied. To the contrary, the likelihood of success on appeal should be the primary focus of this Court when considering the Debtor's Motion for Stay and the Debtor has no chance of success whatsoever. See Exhibit "A" attached hereto.

26. Denied.

SL1 1539582v1 104945.00807

WHEREFORE, Appellees pray that the Motion for Stay be denied.

Respectfully submitted,

STEVENS & LEE

By: /s/ Steven J. Adams
    Steven J. Adams, Esquire
    Attorney I.D. No. 56293
    111 N. Sixth Street
    P.O. Box 679
    Reading, PA 19603-0679
    Telephone: (610) 478-2133
    Fax: (610) 988-0841
    Email: sja@stevenslee.com

*Attorneys for Appellees U.S. Bank, National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed, Pass-Through Certificates, Series 2006-EMX9 and Wells Fargo Bank, N.A., d/b/a America's Servicing Company*

5