## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LLOYD ALLEN JONES,             :
                               :
            Appellant,         :
                               :
    v.                         :    3:18-cv-01680
                               :    (JUDGE MARIANI)
U.S. BANK, N.A., and           :
AMERICA'S SERVICING COMPANY,   :
                               :    (BANKRUPTCY APPEAL)
            Appellees.         :

## MEMORANDUM OPINION

### I.   INTRODUCTION

Appellant Lloyd Allen Jones ("Jones") filed the pending motion to stay the

Bankruptcy Court's March 22, 2018 order pending appeal. (Doc. 5). The motion arises out

of a pending appeal before this Court from an order granting summary judgment to

Appellees U.S. Bank, N.A., and America's Servicing Company by Middle District of

Pennsylvania Bankruptcy Court Judge John J. Thomas on March 22, 2018. (Doc. 1-1). For

the reasons that follow, the Court will deny Appellant's motion.

### II.   PROCEDURAL HISTORY

Appellant and Debtor Lloyd Allan Jones ("Jones") filed a Chapter 13 Bankruptcy

case on May 25, 2016 with the United States Bankruptcy Court for the Middle District of

Pennsylvania. (Doc. 7, at 1). On that same day, Jones also filed an original proposed

Chapter 13 plan. (Id.). On September 29, 2016, Appellees filed a secured proof of claim of

a mortgage, establishing that the amount of debt owed by Appellant to U.S. Bank as of the petition date was $446,812.25. (Doc. 2, at 53). In addition to the proof of claim, Appellees attached a Mortgage Proof of Claim Attachment (Official Form 410-A) (to indicate that the mortgage is secured by the Debtor's principal business), an adjustable rate note, a mortgage, an assignment of the mortgage, a loan modification agreement, and an escrow account disclosure statement. (*Id.* at 53-67).

On November 4, 2016, Appellant filed a First Amended Chapter 13 Plan, wherein Appellant proposed payments equal to the fair market value of the property plus interest at 5.5% per annum. (*Id.* at 70-77). On December 12, 2016, U.S. Bank objected to confirmation of the First Amended Plan. (*Id.* at 78-79).[1] On March 6, 2017, Appellant then initiated an adversary proceeding, out of which this appeal arises, against U.S. Bank to seek declaratory relief to: (1) value the property of the petition date at $136,000 and to determine that the U.S. Bank had a secured claim in the amount of $136,000 and an unsecured claim for all additional amounts owed by the debtor in excess of $136,000; (2) declare void the amount of the lien which exceeded $136,000, to the extent that U.S. Bank held a lien against the property that was greater than $136,000; and (3) declare that the Second Amended Plan could be confirmed by arguing that Section 1322(b)(2) and *Nobelman v. American Sav. Bank.*, 508 U.S. 324 (1993), did not apply to Debtor's case because the First

---

[1] On January 4, 2018, pursuant to an agreement between the parties, Appellant filed a Second Amended Plan, which only deviated from the First Amended Plan in that it reflected the agreed-upon fair market value of the property of $136,000. (Doc. 2-1). Thus, the Second Amended Plan is at issue in this action.

Amended Plan did not propose "to 'modify' U.S. Bank's mortgage or claim, but rather to satisfy it." (*Id.* at 1-14).

In the Bankruptcy Court, after the close of discovery, Appellees moved for summary judgment (*Id.*, at 167-72). On March 20, 2018, oral argument was held on the motion for summary judgment. (Doc. 3). On March 22, 2018, the United States Bankruptcy Court for the Middle District of Pennsylvania entered an order granting summary judgment in favor of Appellees. (Doc. 1-1). In that order, the Bankruptcy Judge: (1) valued the Debtor's residence at $136,000 (as agreed by the parties); (2) allowed the U.S. Bank Secured Claim to have a secured claim in the Debtor's underlying bankruptcy case in the amount of $136,000 and unsecured claim for all sums due under the Loan Documents as of the Petition Date that are in excess of $136,000; (3) declined to declare void the amount of the lien which exceeded $136,000; (4) held that Appellant was not entitled to declaratory relief because the First Amended Plan's proposed treatment of Appellees' secured claim violated 11 U.S.C. § 1322(b)(2) and the Supreme Court's holding in *Nobelman*; (5) denied confirmation of the First Amended Plan because it did not comply with 11 U.S.C § 1322(b)(2); and (6) directed Appellant to file a Third Amended Chapter 13 Plan within thirty days of the date of entry of the Summary Judgment Order that did not modify U.S. Bank's rights and otherwise complied with the Bankruptcy Code. (*Id.*).

In the Bankruptcy Court, Appellant moved to stay the summary judgment order pending appeal, but that motion was denied on June 5, 2018. (Doc. 5-2). Moreover, Appellant has yet to file the Third Amended Plan required as by the March 22 order.

On April 19, 2018, Appellant filed a notice of appeal regarding the March 22 order. (Doc. 7, at 2). Appellant attempted to have the appeal heard directly by the United States Court of Appeals for the Third Circuit, however, that appeal and a subsequently-filed motion for stay of order pending appeal were both denied by the Third Circuit. (Doc. 5-3). On August 23, 2018, the appeal was brought before this Court. (Doc. 1). Thereafter, on September 5, 2018, Appellant filed this motion. (Doc. 5).

## III. ANALYSIS

Appellant argues that a motion for stay pending appeal should be granted because "the appeal presents 'sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.'" (Doc. 7, at 3) (quoting *In re Gen. Credit Corp.*, 283 B.R. 658, 659 (S.D.N.Y. 2002)). For the following reasons, the Court disagrees and will deny Appellant's motion for stay pending appeal.

As a threshold matter, as Appellees argue (Doc. 6, at ¶ 6), Appellant's motion is deficient in providing this Court with necessary information in compliance with the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 8007(b)(2) states that "[t]he motion must . . . if a motion was made in the bankruptcy court, . . . state that the court has ruled and set

4

out any reasons given for the ruling." Appellant's motion (Doc. 5) provides no basis on

which the Bankruptcy Court denied the motion for stay pending appeal and thus fails to

comport with this requirement. Further, FED. R. BANKR. P. 8007(b)(3)(B) provides that "the

motion must also include affidavits or other sworn statements supporting facts subject to

dispute." Appellant's motion failed to include an affidavit that incorporates sufficient detail

for several facts which Appellees dispute, such as the establishment of the fact that

Appellant has made payment of $ 59,220 to the Chapter 13 Trustee in the underlying

bankruptcy case, and establishment of the fact that the Debtor would lose his home if the

March 22, 2018 Order is not stayed. (See Doc. 5).

Notwithstanding Appellant's failure to comply with FED. R. BANKR. P. 8007, which

alone provides ample basis for denying Appellant's motion, see, e.g., Minix v. Stone (In re

Minix), 2019 WL 1676007, at *2 (E.D. Ky. 2019) (citing In re Hake, 2017 Bankr. LEXIS

4382, at *3 (B.A.P. 6th Cir. 2017)), the Court also finds that Appellant's underlying appeal is

from an interlocutory order of the Bankruptcy Court, as to which Appellant has not filed a

motion for permission to appeal pursuant to 28 U.S.C. § 158(a)(3) and FED. R. BANKR. P.

8004(a)(2). As the Supreme Court has noted, an order denying confirmation of a plan is

"not final, so long as it leaves the debtor free to propose another plan." Bullard v. Blue Hills

Bank, 135 S. Ct. 1686, 1692 (2015). The Supreme Court further explained that a denial of a

plan confirmation is not final because

> [d]enial of confirmation with leave to amend . . . changes little. The automatic
> stay persists. The parties' rights and obligations remain unsettled. The trustee

continues to collect funds from the debtor in anticipation of a different plan's eventual confirmation. The possibility of discharge lives on. "Final" does not describe this state of affairs. An order denying confirmation does rule out the specific arrangement of relief embodied in a particular plan. But that alone does not make the denial final any more than, say, a car buyer's declining to pay the sticker price is viewed as a "final" purchasing decision by either the buyer or seller. "It ain't over till it's over."

*Id.* at 1693. Here, the order in this underlying appeal arises out of a bankruptcy proceeding, that ultimately seeks to confirm a Proposed Plan, which the Bankruptcy Court rejected. (Doc. 1-1, at 2). In doing so, the Bankruptcy Court provided leave to file another Plan consistent with its determination that Appellant's Second Amended Plan violated 11 U.S.C. § 1322(b)(2). (*Id.*). Appellant has yet to file a Third Amended Plan. Thus, the order in this underlying appeal falls squarely in line with the order described by the Supreme Court in *Bullard*, which the Supreme Court concluded was interlocutory.

Furthermore, pursuant to 28 U.S.C. § 158(a)(3), Appellant has neither sought nor been granted leave to appeal the interlocutory order as required. Under 28 U.S.C. § 158(a)(3), a district court shall have jurisdiction to hear appeals "with leave of court, from other interlocutory orders and decrees" of the Bankruptcy Court. However, this Court has not provided such leave and declines to do so. *See In re W.R. Grace & Co.*, 2009 U.S. App. LEXIS 29818, at *3 (3d Cir. 2009) ("Because the Bankruptcy Court's order was interlocutory, the District Court's decision whether to exercise jurisdiction to review the order . . . was discretionary.") (citing 28 U.S.C. § 158(a)(3)). Accordingly, the interlocutory nature of the underlying appeal without proper leave also provides a basis for denying this motion.

Even assuming that the underlying appeal is not interlocutory in nature, and setting

Appellant's procedural deficiencies aside, Appellant has failed to meet his burden to warrant

a stay of the bankruptcy court order pending a resolution on appeal. *See* FED. R. BANKR. P.

8007. In ruling on such motions, courts assess four factors:

> (1) whether the stay applicant has made a strong showing that [it] is likely to
> succeed on the merits; (2) whether the applicant will be irreparably injured
> absent a stay; (3) whether issuance of the stay will substantially injury the other
> parties interested in the proceeding; and (4) where the public interest lies.

*S.S. Body Armor I, Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 771 (3d Cir. 2019)

(quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The Supreme Court has

emphasized that the first two factors are "the most critical." *Nken v. Holder*, 556 U.S. 418,

434 (2009). Additionally, the Third Circuit has emphasized that as between the first two

factors, the first factor, requiring the movant to demonstrate a strong showing of the

likelihood of success on the merits, is "arguably the more important piece of the stay

analysis." *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 568 (3d Cir. 2015).

Further, the Third Circuit has "viewed favorably" a "sliding scale" approach where "[t]he

more likely the plaintiff is to win, the less heavily need the balance of harms weigh in [its]

favor; the less likely [it] is to win, the more need it weigh in [its] favor." *Id.* at 569 (quoting

*Roland Mach. Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 387 (7th Cir. 1984)).

Nonetheless, "if 'the chance of success on the merits [is only] better than negligible' and the

'possibility of irreparable injury' is low, a stay movant's request fails." *Id.* (quoting *Nken*, 556

U.S. at 434).

To demonstrate a strong showing of the likelihood of success under factor one, the movant must show that there is "a reasonable chance, or probability, of winning." *Revel*, 802 F.3d at 568 (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)). "While it is not enough that the chance of success on the merits be better than negligible, . . . the likelihood of winning on appeal need not be 'more likely than not'." *Id.* at 569 (quoting *Singer Mgmt. Consultants* 650 F.3d at 229)).

In this case, Appellant has not met his burden to show that his appeal has a "reasonable chance" of success on the merits. *Id.* at 568 (quoting *Singer Mgmt. Consultants, Inc.*, 650 F.3d at 229). Jones argues that his Second Amended Plan does not constitute a modification in violation of 11 U.S.C. § 1322(b)(2) or *Nobelman* because it satisfies and eliminates the mortgage. (Doc. 7, at 6).

However, this argument fails in light of the clear language of 11 U.S.C § 1322(b)(2) and the precedent from *Nobelman*. Section 1322(b)(2) of the Bankruptcy Code provides that "the plan may modify the rights of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." 11 U.S.C § 1322(b)(2). Additionally, in *Nobelman*, the Supreme Court reasoned:

> Petitioners propose to reduce the outstanding mortgage principal to the fair market value of the collateral, and, at the same time, they insist that they can do so without modifying the bank's rights "as to interest rates, payment amounts, and [other] contract terms." That appears to be impossible. The bank's contractual rights are contained in a unitary note that applies at once to the bank's overall claim, including both the secured and unsecured

8

components. Petitioners cannot modify the payment and interest terms for the unsecured component, as they propose to do, without also modifying the terms of the secured component. Thus, to preserve the interest rate and the amount of each monthly payment specified in the note after having reduced the principal to $ 23,500, the plan would also have to reduce the term of the note dramatically. That would be a significant modification of a contractual right. Furthermore, the bank holds an adjustable rate mortgage, and the principal and interest payments on the loan must be recalculated with each adjustment in the interest rate. There is nothing in the mortgage contract or the Code that suggests any basis for recalculating the amortization schedule -- whether by reference to the face value of the remaining principal or by reference to the unamortized value of the collateral. This conundrum alone indicates that § 1322(b)(2) cannot operate in combination with § 506(a) in the manner theorized by petitioners.

*Id.* at 331-32 (internal citations omitted). Here, the very same "conundrum" applies. Jones'

argument – that the Second Amended Plan "satisfied" the mortgage rather than "modified" it

– fails to consider that Jones' Second Amended Plan modifies, among other things, the

interest rate to 5.5 % from the 11.25 % applied in the contract. Moreover, the Second

Amended Plan proposes a modified principal balance of $136,000, yet Appellees' proof of

claim establishes a claim of $ 446,812.25. Appellant has provided no authority to suggest

that such changes would not be modifications in violation of the clear language of §

1322(b)(2) and precedent from *Nobelman*.

In light of this, this Court cannot conclude that Appellant's argument – that his

Second Amended Plan does not modify Appellees' rights in violation of § 1322(b)(2) and the

precedent from *Nobelman* – presents a "reasonable chance" of success on the merits.

*Revel*, 802 F.3d at 568 (quoting *Singer Mgmt. Consultants, Inc.*, 650 F.3d at 229).

Accordingly, the Court concludes that Appellant has not met its burden to demonstrate, under the first factor, a strong showing of success on the merits.

Although Appellant's failure to demonstrate a "reasonable chance" of success on the merits is likely sufficient to warrant denial of the stay, the Court also notes that Appellant has also not met his burden under factor two of the analysis. *See id.* With respect to the second factor, the movant must "demonstrate that irreparable injury is *likely* [not merely possible] in the absence of [a stay]." *See id.* at 569 (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). "While a reference to 'likelihood' of success on the merits has been interpreted by courts to cover the generic range of outcomes, for irreparable harm we understand the Supreme Court's use of 'likely' to mean more apt to occur than not." *Id.* "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

Here, Appellant submitted an "Affidavit in Support of Motion for Stay Order Pending Appeal," however, that affidavit only states what events will occur if the stay pending appeal is not granted. (Doc. 8, at ¶ 8). Further, the affidavit provides no support as to how the relief in the pending motion would provide adequate and corrective relief in this instance. (*See id.*). Moreover, the affidavit does not identify any "harm that cannot be prevented or fully rectified" by a successful appeal. *Revel*, 802 F.3d at 568 (quoting *Roland Mach. Co.*, 749 F.2d at 386 (Posner, J.)). Thus, Appellant has not met his burden to show that irreparable

injury is likely in the absence of the stay. As such, the Court concludes that Appellant has not satisfied his burden under factor two.

Accordingly, because Appellant has failed to meet its burden with respect to establishing some likelihood of success on the merits and irreparable injury, the Court cannot conclude that Appellant is entitled to a stay of order pending appeal.

## IV. CONCLUSION

For the foregoing reasons, this Court will deny Appellant's Motion for Stay of Order Pending Appeal (Doc. 5). A separate Order follows.

Robert D. Mariani
United States District Court Judge

11